IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re Neurontin Antitrust Litigation* | VIA ELECTRONIC FILING<br><br>Hon. Faith S. Hochberg, U.S.D.J.<br>Hon. Patty Shwartz, U.S.M.J<br><br>MDL No. 1479<br>Master File No. 02-1390 |
| This Filing Relates to<br>Direct Purchaser Plaintiffs | Civil Action Nos.<br>02-1830 (FSH)<br>02-2731 (FSH) |

# DEFENDANTS' OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' MOTION TO SUPPLEMENT THEIR MOTION FOR CLASS CERTIFICATION

Clifford H. Aronson
James A. Keyte
Karen Hoffman Lent
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

John J. Francis, Jr.
Michael C. Zogby
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932
Phone: (973) 549-7310
Fax: (973) 360-9831

*Attorneys for Defendants Pfizer, Inc. and Warner-Lambert Company LLC*

# TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE**

*America Seed Co. v. Monsanto Co.*,
    238 F.R.D. 394 (D. Del. 2006), *aff'd*, 271 F. App'x 138 (3d Cir. 2008) ........ 2

*Blades v. Monsanto Co.*,
    400 F.3d 562 (8th Cir. 2005) .................................................................... 3

*In re Hydrogen Peroxide Antitrust Litigation*,
    552 F.3d 305 (3d Cir. 2008) ..................................................................... 2

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001) ..................................................................... 1

**STATUTES**

15 U.S.C. §15(a) ............................................................................................. 1

Dr. French's latest damages report, as well as Plaintiffs' Motion for Class Certification, suffers from the same flaws as Defendants already have briefed.

Specifically, Dr. French purports to present a "new" aggregate estimate of damages that purports to correct for the effects of generic bypass. Generic bypass is the term used to describe the fact that while direct purchaser class members supplied pharmacies with Neurontin® purchased from Pfizer, many pharmacies purchased generic gabapentin directly from manufacturers, bypassing direct purchaser class members altogether. It remains indisputable that direct purchasers could not be injured at all where their purchases of Neurontin® would be completely by-passed in the but-for world, <u>and only an individualized inquiry can determine if any individual class member was in fact by-passed</u>, and, hence, not injured, as required by Section 4 of the Clayton Act.[1] Under Third Circuit law, if individualized proof of economic loss is necessary to show impact, the class cannot be certified. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 188 (3d Cir. 2001) (ability to calculate aggregate damages does not absolve plaintiff's duty to show each class member was harmed).

Likewise, while Dr. French purports to correct for generic bypass in the aggregate by adjusting the generic sales in his but-for world to exclude generic

---

[1] "[A]ny person who shall be injured in his business or property by reason of [an antitrust violation] may sue therefore . . . and shall recover threefold the damages . . . sustained . . . ." 15 U.S.C. §15(a).

sales to non-Class members, the effect of generic bypass, like the incidence and extent of injury and damages, also is highly individualized. Dr. French's method simply does not and cannot account for the individualized variation in both the <u>fact and degree</u> of injury caused by generic bypass.

Thus, Neurontin® purchases by a class member who buys <u>no</u> generic gabapentin in the but-for world would still have damages attributed to them to the extent they are included in the aggregate against the generic gabapentin purchases of <u>other</u> class members whose purchases of generic gabapentin in the but-for world exceeded their actual Neurontin® purchases. As a result, Dr. French's method would lead to an aggregate damage figure that would likely exceed the actual damages incurred, and would continue to compensate uninjured parties, and undercompensate potentially injured parties. Again, Third Circuit law does not allow a class to be certified under these circumstances. *See, e.g.*, *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2008) ("[T]o certify a class the district court must find that the evidence more likely than not establishes each fact necessary to meet the requirements of Rule 23."); *Am. Seed Co. v. Monsanto Co.*, 238 F.R.D. 394, 401 (D. Del. 2006) (reliance on a legal theory for a presumption of impact is insufficient if the legal presumption is not grounded in fact), *aff'd*, 271 F. App'x 138 (3d Cir. 2008). In short, it remains inescapable that, assuming the Plaintiffs' allegations are true, neither the fact of injury nor damages

2

may be accurately assessed without an analysis of the claims of each member of the proposed class, making class certification entirely inappropriate.

Finally, new to this report are several new characterizations of the but-for world the Plaintiffs have devised which Dr. French calls "damage scenarios." In these scenarios, Plaintiffs engage in wholly unfounded speculation about which generic manufacturers might have entered the so-called gabapentin market and when they might have entered in a but-for world without the Defendant's alleged wrongful behavior.

In constructing these new scenarios, however, Dr. French now has decided simply to pick and choose which allegations to exclude from his but-for world. For example, a centerpiece of Plaintiffs' allegations is that the Defendant wrongfully engaged in off-label marketing for Neurontin®, an act that Plaintiffs claim resulted in off-label prescriptions accounting for some 88% of Neurontin® prescriptions.[2] In a properly specified but-for world that excludes <u>all</u> allegedly wrongful acts, however, the off-label marketing would not have occurred, and Neurontin® (and generic gabapentin) sales would have been substantially lower by the Plaintiffs' own theory. *See Blades v. Monsanto Co.*, 400 F.3d 562, 596 (8th Cir. 2005). Dr. French continues to ignore the need to properly specify his but-for world to exclude all wrongful behavior complained of by Plaintiffs.

---

[2] First Amended and Consolidated Class Action Complaint ¶¶ 66-67.

For the foregoing reasons, as well as the reasons in Defendants' October 26, 2009 Memorandum in Opposition to Class Certification, Direct Purchaser Plaintiffs' motion for class certification should be denied.

Dated: March 22, 2010

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

*/s/ John J. Francis, Jr.*

Clifford H. Aronson
James A. Keyte
Karen Hoffman Lent
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

John J. Francis, Jr.
Michael Zogby
500 Campus Drive
Florham Park, New Jersey 07932
Phone: (973) 549-7310
Fax: (973) 360-9831

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

4