UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re Neurontin Antitrust Litigation* | **Master File No. 02-1390** |
| **THIS DOCUMENT RELATES TO:** | **Civil Action No. 02-1830**<br>**Civil Action No. 02-2731** |
| **LOUISIANA WHOLESALE DRUG COMPANY, INC., MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,** | |
| **Plaintiffs,** | |
| v. | |
| **PFIZER, INC. and WARNER-LAMBERT CO.,** | |
| **Defendants.** | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, AUTHORIZING NOTICE TO THE CLASS AND SETTING HEARING

Upon review and consideration of the Settlement Agreement dated April 17, 2014 and the exhibits thereto which have been publicly filed with the Court (collectively, the "Settlement Documents"), and Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants and for Approval of the Form and Manner of Notice to the Class, the attachments to such motion and the submissions of the parties, and having held a hearing on **May . 1**_____, 2014, IT IS HEREBY ORDERED as follows:

1.    The Court has jurisdiction over these actions and each of the parties.

2.    The Court has certified a Class consisting of "[a]ll persons or entities in the United States that purchased Neurontin from Pfizer at any time during the period of December 11, 2002

1

through August 31, 2008 and who have purchased generic gabapentin. Excluded from the Class are Defendants and each of their respective parents, employees, subsidiaries, affiliates, and franchisees, and all government entities."

3.     Also excluded from the Class are CVS Pharmacy Inc., Caremark, L.L.C., Rite Aid Corporation, Rite Aid HDQTRS Corp., Walgreen Co., American Sales Co, Inc., HEB Grocery Co. LP, Safeway Inc., SuperValu Inc., and The Kroger Co., in their own right as direct purchasers of Neurontin from Pfizer and as assignees limited to their purchases of Neurontin from Class members.

4.     The Court has found that the Class meets all the requirements of Fed. R. Civ. P. 23. The Class, made up of sophisticated business entities, had a full and fair opportunity to request exclusion at the time of class certification and, therefore, there is no reason for the Court to afford a new opportunity to individual Class members to request exclusion who had an earlier opportunity to request exclusion but did not do so.

5.     Upon review of the record, the Court finds that the proposed Settlement between the Plaintiffs, the Class and Defendants, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

6.     Both forms of notice to the Class attached as exhibits to Plaintiffs' motion for preliminary approval – namely the written notice for mailing to all known Class members and the summary notice for publication in the industry trade journal, *The Pink Sheet* (together, the "Notice") – satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and are thus approved for dissemination to the Class. Co-Lead Counsel shall cause the Notice to be disseminated no later than 20 days following entry

2

of this Order.

7.      Co-Lead Counsel shall also ensure that copies of the Notice and the Settlement

Agreement are available to Class members in a conspicuous place on their websites.

8.      The Court approves the retention of Berdon Claims Administration LLC as claims

administrator (the "Claims Administrator") to assist in providing notice to the Class regarding the

Settlement and communicating with Class members.   All expenses incurred by the Claims

Administrator must be reasonable, are subject to Court approval, are subject to the provisions of

the Escrow Agreement, and shall be payable solely from the Settlement Fund.

9.      A hearing on final settlement approval (the "Fairness Hearing") shall be held

before this Court on _____July 31_____, 2014 , at 10 :00 m. Eastern time, in the courtroom

assigned to the Honorable Faith S. Hochberg, U.S.D.J., at the United States District Court for the

District of New Jersey, Martin Luther King, Jr. Federal Building and United States Courthouse, 50

Walnut Street, Newark, New Jersey 07101.   At the Fairness Hearing, the Court will consider,

*inter alia*: (a) the fairness, reasonableness and adequacy of the Settlement; (b) whether the Court

should approve the proposed plan of allocation of the Settlement Fund among Class members; (c)

whether the Court should approve awards of attorneys' fees and expenses to Co-Lead Counsel; (d)

whether incentive awards should be awarded to Plaintiffs; and (e) whether entry of a Final

Judgment and Order terminating this litigation, in the form submitted by the parties to the

Settlement Agreement, should be entered.   The Fairness Hearing may be rescheduled or

continued; in this event, the Court will furnish all counsel with appropriate notice.   Co-Lead

Counsel shall be responsible for communicating any such notice promptly to the Class by posting

a conspicuous notice on their internet websites.   The Court may approve the Settlement with only

such modifications (if any) as may be agreed to in a writing signed by all of the parties to the

Settlement, if appropriate, without further notice to the Class.

10. All briefs and materials in support of final approval of the Settlement and entry of the final judgment proposed by the parties to the Settlement Agreement, the fee petition by Class Counsel, and any application for incentive awards, shall be filed with the Court and served on the following counsel by no later than thirty (30) days prior to the Fairness Hearing:

On behalf of Class Counsel, Plaintiffs and the Class:

Bruce E. Gerstein
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
*Co-Lead Counsel for the Direct Purchaser*
*Class Plaintiffs*

Richard J. Kilsheimer
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Fl.
New York, NY 10022
*Co-Lead Counsel for the Direct Purchaser*
*Class Plaintiffs*

On behalf of Defendants:

Aidan Synnott
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

Beth A. Wilkinson
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, D.C. 20006-1047
*Counsel for Defendants*

11. Class members who wish to object or otherwise be heard with respect to the proposed Settlement, or to appear in person at the Fairness Hearing, must first send a Notice of Intention to Appear and a Summary Statement outlining the position(s) to be asserted and the

4

grounds therefor, together with copies of any supporting papers or briefs, via first class mail,

postage prepaid, to the Clerk of the United States District Court for the District of New Jersey,

Martin Luther King, Jr. Federal Building & United States Courthouse, 50 Walnut Street, Newark,

New Jersey 07101, with copies to the following counsel:

On behalf of Class Counsel, Plaintiffs and the Class:

Bruce E. Gerstein
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
*Co-Lead Counsel for the Direct Purchaser*
*Class Plaintiffs*

Richard J. Kilsheimer
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Fl.
New York, NY 10022
*Co-Lead Counsel for the Direct Purchaser*
*Class Plaintiffs*

On behalf of Defendants:

Aidan Synnott
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

Beth A. Wilkinson
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, D.C. 20006-1047
*Counsel for Defendants*

To be valid, any such Notice of Intention to Appear and Summary Statement must be postmarked

no later than fourteen (14) days prior to the Fairness Hearing.   Except as herein provided, no

person or entity shall be entitled to object to the terms of the proposed Settlement.   All persons

and entities who fail to file a Notice of Intention to Appear as well as a Summary Statement as

5

provided above shall be deemed to have waived any such objection by appeal, collateral attack or otherwise and will not be heard in person at the Fairness Hearing.

12.     All proceedings in these actions against the Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment as and in the form provided in the Settlement Agreement and dismisses these actions with prejudice.

13.     In the event that the Settlement does not become final pursuant to paragraph 4 of the Settlement Agreement, then litigation of the Class Action will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

14.     In the event the Settlement Agreement and the Settlement are terminated in accordance with the provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Defendants and any other Released Party, and Defendants and the other Released Parties shall retain any defenses and counterclaims thereto.   These actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed; and upon application of counsel for Defendants and Co-Lead Counsel, this Court shall enter an order authorizing the parties to resume and complete these actions.

15.     Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement shall

6

constitute, be construed as or be deemed to be evidence of or an admission or concession by

Defendants as to the validity of any claim that has been or could have been asserted against any or

all of them or as to any liability by any or all of them or as to any matter set forth in this Order.

SO ORDERED this __1st__ day of ___May___, 2014.

Faith S. Hochberg
United States District Judge
U.S. District Court for the District of New Jersey