UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re Neurontin Antitrust Litigation* <br><br> THIS DOCUMENT RELATES TO: <br><br> LOUISIANA WHOLESALE DRUG COMPANY, INC., MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER, INC. and WARNER-LAMBERT CO., <br><br> Defendants. | Civil Action No. 02-1830 <br> Civil Action No. 02-2731 |

## FINAL JUDGMENT AND ORDER OF DISMISSAL APPROVING PROPOSED CLASS SETTLEMENT AND DISMISSING ACTIONS

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated April 17, 2014, it is hereby ORDERED as follows:

1. This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement among the parties to these actions on file with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over these actions and over each of the parties and over

1

all members of the Class.

3.  The notice of settlement (in the forms presented to this Court as Exhibits B-1 and B-2 to the Settlement Agreement) (the "Notice") directed to the members of the Class, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all Class members who were identified through reasonable efforts. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings and the rights of Class members to object to the Settlement.

4.  The Court held a preliminary fairness hearing on May 1, 2014 and a final fairness hearing on July 31, 2014, regarding the reasonableness of the parties' settlement. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.[1]

---

[1] The Court has fully considered the *Girsh* factors and finds that, considered together, the factors overwhelming favor approval of the Class settlement. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *see also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998). As the Court indicated at the fairness hearing, every issue in this complex antitrust case has been vigorously litigated by both sides for over twelve years. Class Plaintiffs faced significant risks in taking the case to trial, which this Court has discussed in its opinions on dispositive motions and recent status conferences. This Court agrees with counsel's position, as discussed in the extensive briefing and supporting affidavits, that the Settlement Agreement is fair and reasonable for all Class members. The value of the settlement to the Class is confirmed by the fact that no members of the Class of identifiable, sophisticated business

5. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Class Counsel (the "Plan"), which was summarized in the Notice of Proposed Settlement. The Claims Administrator is directed to distribute the net Settlement Fund as provided in the Plan.

6. The Court has certified a Class consisting of "[a]ll persons or entities in the United States that purchased Neurontin from Pfizer at any time during the period of December 11, 2002 through August 31, 2008 and who have purchased generic gabapentin. Excluded from the Class are Defendants and each of their respective parents, employees, subsidiaries, affiliates, and franchisees, and all government entities."

7. Also excluded from the Class are CVS Pharmacy Inc., Caremark, L.L.C., Rite Aid Corporation, Rite Aid HDQTRS Corp., Walgreen Co., American Sales Co, Inc., HEB Grocery Co. LP, Safeway Inc., SuperValu Inc., and The Kroger Co., in their own right as direct purchasers of Neurontin from Pfizer and as assignees limited to their purchases of Neurontin from Class members.

8. The Court has found that the Class meets all the requirements of Fed. R. Civ. P. 23. The Class, made up of sophisticated business entities, had a full and fair opportunity to request exclusion at the time of class certification and, therefore, there is no reason for the Court to afford a new opportunity to individual Class members to request exclusion who had an earlier opportunity to request exclusion but did not do so.

---

entities have objected, rather many have explicitly approved of the Settlement.

9. The Court has appointed Louisiana Wholesale Drug company, Inc., Meijer, Inc., and Meijer Distribution, Inc. as class representatives (the "Class Representatives").

10. The Court has found that Co-Lead Counsel, listed below, along with other Class Counsel, have fairly and adequately represented the interests of the Class and satisfied the requirements of Fed. R. Civ. P. 23(g):

Bruce E. Gerstein, Esq.
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005

Richard J. Kilsheimer, Esq.
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022

11. The following actions are hereby dismissed with prejudice, as provided in the Settlement Agreement, and without costs, except as provided for herein and in the Settlement Agreement:

- *Louisiana Wholesale Drug Company, Inc., et al. v. Pfizer, Inc. and Warner-Lambert*, No. 2:02-cv-01830-FSH (D.N.J.)

- *Meijer, Inc., et al. v. Pfizer, Inc. and Warner-Lambert*, No. 2:02-cv-02731 (D.N.J.)

12. Each of the foregoing dismissals shall become effective upon the date the Settlement becomes final in accordance with paragraph 4 of the Settlement Agreement.

13. Upon this Settlement becoming final in accordance with paragraph 4 of the Settlement Agreement, Defendants and their past, present and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory

4

boards, insurers, general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") are and shall be unconditionally, fully and finally released and forever discharged from all manner of claims, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, accrued in whole or in part, in law or equity, that Plaintiffs or any member or members of the Class (including any of their past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors"), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of or relating in any way to any conduct alleged or asserted in any of Plaintiffs' complaints filed in this Class Action, relating to any alleged delay in the marketing, sale, manufacture, pricing, or purchase of, or the enforcement of intellectual property related to Neurontin or its generic equivalents, prior to the date hereof, except the Settlement does not release any claims between Plaintiffs, members of the Class and the Released Parties concerning product liability, breach of contract, breach of warranty or personal injury (the "Released Claims").

    14.    In addition, Plaintiffs and each Class member, on behalf of themselves and all

other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 13, but each Class member hereby expressly waives and fully, finally and forever settles, releases and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or un-asserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Class member also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq*, of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

15. The releases set forth in paragraphs 13 and 14 of this Order shall not release any claims between Plaintiffs, Class members and the Released Parties concerning product liability,

6

breach of contract, breach of warranty, or personal injury.

16. Upon consideration of Class Counsel's petition for fees, costs and expenses, Co-Lead Counsel, on behalf of all counsel for the Class, are hereby awarded attorneys' fees in the amount of 33⅓% of the Settlement Fund and costs and expenses totaling $2,213,537.35, together with a proportionate share of the interest thereon from the date the funds are deposited in the Escrow Account until payment of such attorneys' fees, costs and expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with paragraph 4 of the Settlement Agreement. Upon consideration of Class Counsel's petition for incentive payments for Plaintiffs in these actions, LWD and Meijer are each hereby awarded an incentive award in the amount of $100,000.00, to be paid solely from the Settlement Fund, and only if and after the Settlement becomes final in accordance with paragraph 4 of the Settlement Agreement. Co-Lead Counsel shall allocate and distribute such attorneys' fees, costs and expenses among the various Class Counsel that have participated in this litigation. Co-Lead Counsel shall distribute such incentive awards to the Plaintiffs as provided herein. The Released Parties (as defined in paragraph 10 of the Settlement Agreement) shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards among Class Counsel and/or Plaintiffs, or with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto. The attorneys' fees, costs and expenses, and incentive award authorized and approved by this Final Judgment and Order shall be paid to Co-Lead Counsel within five (5) business days after this

Settlement becomes final pursuant to paragraph 4 of the Settlement Agreement and in accordance with the terms of the Settlement Agreement and the Escrow Agreement. The attorneys' fees, costs and expenses, and incentive awards authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that Plaintiffs and any Class member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses, and incentive awards, and Plaintiffs and members of the Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or incentive awards from any source other than the Settlement Fund. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the award of attorneys' fees to Plaintiffs' Counsel, the reimbursement of expenses, the award of incentive payments to Plaintiffs, and the administration and consummation of the Settlement, and over this Final Judgment and Order.

17. The Court finds that this Final Judgment and order adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the Class), and is final and shall be immediately appealable. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission of liability by Defendants or any other Released Party, nor shall either the Settlement Agreement or this Order or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement of the terms of this Order or if offered by any Released Party in responding to any action purporting to assert Released Claims.

18. Class Counsel for the Direct Purchaser Class Plaintiffs have moved for an award of attorneys' fees, reimbursement of expenses, and incentive awards for class representatives. (Doc. No. 749). Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law with respect to Class Counsel's request for an award of attorneys' fees, reimbursement of expenses, and incentive awards for Class Representatives:

19. The Settlement of $190,416,438.36 million (the "Settlement Fund"), representing the agreed-upon $190 million plus 1% per annum interest that had accrued from March 14, 2014 (the date that the parties first orally agreed to the Settlement's terms) to June 2, 2014 (the date that defendants deposited such amount into an escrow account held in trust by UBS AG that is earning interest for the benefit of the Class), plus interest on the Settlement Fund from June 2, 2014, confers a monetary benefit on the Direct Purchaser Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case. The Settlement was reached following negotiations held in good-faith and in the absence of collusion, with the aid of a highly-renowned mediator, over the course of three mediation sessions, covering six days.

20. The Court-approved Notice of Proposed Settlement of Class Action (Doc. No. 727) advised Class Members that Class Counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action.

9

21. Class Counsel have moved for an award of attorneys' fees in the amount of 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which such motion has been on the docket and publicly available since July 1, 2014.

22. In prosecuting this action, Class Counsel expended over 60,570 hours of uncompensated time, and incurred substantial out of pocket expenses, with no guarantee of recovery. Class Counsel's hours were reasonably expended in this complex case that was vigorously litigated for over twelve years, and their time was expended at significant risk of nonpayment.

23. No Class Members objected to Class Counsel's fee request. In fact, as described below, the reaction of the Class has been entirely positive and supportive of the Settlement generally and Class Counsel's requested fee award specifically.

24. The Settlement achieved for the benefit of the Direct Purchaser Class was obtained as a direct result of Class Counsel's skillful advocacy. This is confirmed by the entirely positive reaction of the Class Members to the Settlement and Class Counsel's request for a fee award of 33-1/3% of the Settlement. Outside antitrust counsel for the country's three largest pharmaceutical distributors, who made in excess of 70% of the branded and generic Neurontin purchases at issue in this case, wrote to the Court on behalf of their clients to express their clients' support for the Settlement and Class Counsel's request for an award of one-third of the Settlement amount. *See* Exhibits 2-4 to the Joint Declaration of Bruce E. Gerstein and Richard J. Kilsheimer in Support of Direct Purchaser Class Plaintiffs' Motions for Final Approval of Settlement and for

an Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to Class Representatives (the "Joint Declaration" or "Joint Decl.," Doc. No. 748-5) (Doc. Nos. 748-7 – 748-9) (letters to the Court from outside counsel to AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation).  In addition, a number of other Class Members wrote directly to the Court stating their belief that Class Counsel's requested fees are justified in light of the time and expense that Class Counsel expended prosecuting and favorably resolving this complex litigation.  *See* Exhibits 5-12 to the Joint Declaration (Doc. Nos. 748-9 – 748-17) (letters from Class Members Burlington Drug Company, Inc., Dakota Drug, Inc., Drogueria Betances, Inc., King Drug Company of Florence, Inc., Miami-Luken, Inc., Prescription Supply, Inc., J M Smith Corporation d/b/a Smith Drug Co., and Value Drug Co.).  All of the above-mentioned Class Members who have written to the Court to express their support for the Settlement and Class Counsel's fee request account for approximately 93% of the purchases at issue in this litigation.

25. The "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions in this Circuit.  *See, e.g., In re Rite Aid Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005).  The Court concludes that that the fees requested by Class Counsel are comparable to recent awards in similar cases in the Third Circuit and elsewhere, including direct purchaser class actions similarly alleging anticompetitive practices in the pharmaceutical industry.

26. The Court finds that Class Counsel's request for a 33-1/3% fee is consistent with what would have been negotiated for a contingent-fee case of this complexity.  For example, the current and former presidents of class representative Louisiana Wholesale Drug Co., Inc. ("LWD")

11

attested that "had LWD retained the law firms and/or attorneys . . . to represent it in an individual action in this complex litigation, LWD would have retained these same attorneys based on a 33 1/3% contingency fee in the event of settlement or compromise without trial and/or based on a 40% contingency fee in the event of trial, with any applicable contingency fee percentage computed in addition to out-of-pocket expenses." Exhibit 13 to the Joint Decl., Declaration of Chad Gielen, President/Chief Executive Office of LWD, at ¶ 6, and Exhibit 14 to the Joint Decl., Declaration of Gayle White, former President and General Manager of LWD, at ¶ 3. Furthermore, the letters from the Class Members supporting Class Counsel's fee award is further evidence that the 33-1/3% fee award is consistent with what those entities would have assented to had they retained Class Counsel in private litigation.

27. As detailed in Class Counsel's affidavits, a one-third fee award would equate to a lodestar multiplier of approximately 1.99. The Court concludes that, based on recently-approved multipliers in other Third Circuit antitrust class actions alleging similar anticompetitive practices in the pharmaceutical market, the multiplier requested here is well within the acceptable range. *See, e.g., In re Flonase Antitrust Litigation*, 951 F. Supp. 2d 739, 750 (E.D. Pa. 2013) (approving 33 1/3% fee award of $150 million settlement that amounted to multiplier of 2.99).

28. In light of the factors and findings described above, the Court finds that the requested 33-1/3% fee award is within the applicable range of reasonable percentage fund awards.

29. The Court finds this fee award is reasonable pursuant to Federal Rule of Civil Procedure 23(h). The Court orders that Class Counsel request for attorneys' fees of 33-1/3% of the Settlement Fund, which equates to $63,472,146.12, plus one-third of the interest earned on the

Settlement Fund from June 2, 2014 (the date of funding of the Settlement Fund) to the date of payment, at the same net interest rate earned by the Settlement Fund, is granted.

30. Further, the Court orders that Class Counsel is awarded $2,213,537.35 out of the Settlement Fund to reimburse them for the expenses incurred in prosecution of this case, which such expenses the Court finds to be fair and reasonably incurred to achieve the benefits to the Direct Purchaser Class obtained by the Settlement.

31. Further, the Court orders payment of two incentive awards of $100,000 each for each of the Class Representatives – one incentive award of $100,000 to LWD and one incentive award to "Meijer", which consists of Meijer, Inc. and Meijer Distribution, Inc. (together, "Meijer") – for their active participation and assistance in the prosecution of this case, including responding to document requests and interrogatories, appearing for deposition and keeping apprised of the progress of the case, including settlement efforts. The Class Representatives' efforts contributed to the benefits conferred upon the Class through the Settlement. In addition, no Class Member has objected to the awarding of these incentive awards. Moreover, the three largest pharmaceutical distributors have specifically supported granting incentive awards in the requested amounts. *See* Exhibits 2-4 to the Joint Decl. (Doc. Nos. 748-7 – 748-9) (letters to the Court from outside counsel to AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation).

IT IS SO ORDERED.

Dated: 8-6-14

_____
Hon. Faith S. Hochberg, U.S.D.J.